UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

THOMAS GRAY,

        Plaintiff(s),

v.

ACCOUNT RECOVERY SOLUTIONS,

        Defendant(s).

2:13-CV-887 JCM (GWF)

**ORDER**

Presently before the court is defendant Account Recovery Solutions' motion to dismiss. (Doc. # 5). Plaintiff Thomas Gray filed a response in opposition (doc. # 9), and defendant filed a reply (doc. # 14).

**I.    Background**

Plaintiff filed the instant lawsuit alleging violations of certain provisions of the Federal Debt Collection Practices Act ("FDCPA") and asserting a claim for quiet title pursuant to Nev. Rev. Stat. § 40.010.

Defendant is a debt collector who was initially retained by the Serenade Homeowners Association to recover certain assessments pursuant to the HOA's governing documents. Plaintiff is currently a unit owner of property located at 1851 Hillpointe Rd, #2024, Henderson, Nevada 89074. On February 27, 2013, well before the filing of the instant case, plaintiff paid the entirety of the debt to defendant, in the amount of $2,918.30.

**James C. Mahan**
**U.S. District Judge**

1  Plaintiff alleges that defendant violated the FDCPA by failing to properly verify the debt after
2  plaintiff had sent notice that the debt was disputed. Plaintiff also claims that defendant failed to
3  acknowledge plaintiff's right to dispute the debt by improperly filing a lien against plaintiff's
4  property in violation of 15 U.S.C. § 1692g(b).

5  Further, plaintiff claims that defendant violated 15 U.S.C. §§ 1692c(a)(2) and 1692f(6) by
6  communicating directly with plaintiff when defendant knew plaintiff was represented by counsel and
7  by threatening to pursue non-judicial foreclosure proceedings against plaintiff's property.

**II.    Analysis**

In the instant motion, defendant argues that the court lacks subject matter jurisdiction over this case because plaintiff has failed to adhere to the mediation and arbitration requirements of Nev. Rev. Stat. § 38.310(1). This provision states, "No civil action based upon a claim relating to . . . [t]he procedures used for increasing, decreasing or imposing additional assessments upon residential property, may be commenced in any court in this [s]tate unless the action has been submitted to mediation or arbitration . . . ." Nev. Rev. Stat. § 38.310(2) continues by stating that a "court shall dismiss any civil action which is commenced in violation of the provisions of [s]ubsection 1." Additionally, the mandatory mediation or arbitration under this statute applies not only to an HOA, but also to the collection agency acting on behalf of the association. *Hamm v. Arrowcreek Homeowner's Ass'n.*, 183 P.3d 895, 902-03 (Nev. 2008) ("As we conclude that the district court properly dismissed the Hamms' action against Arrowcreek HOA under NRS 38.310, we also conclude that the district court properly dismissed the Hamms' action against [the collection agency] under that statute.").

In support of its motion, defendant cites to the court's decision in *Karimova v. Alessi & Koenig,* 2013 WL 3678091 (D. Nev. 2013). In that case, there was a dispute as to the amount of HOA fees owed by the plaintiff, and the court dismissed the action because the plaintiff had failed to submit the matter to mediation prior to filing in court. *See Karimova*, 2013 WL 3678091 at *2-3.

However, defendant's arguments as to this case miss the mark. The reason that the court granted the defendants' motion to dismiss in *Karimova* is that the plaintiff's claims in that case

**James C. Mahan**
**U.S. District Judge**

- 2 -

involved a dispute over *the amount of fees that were owed.* In this case plaintiff puts forward no dispute regarding the amount that defendant sought to collect, and instead argues that defendant's *debt collection practices violated the FDCPA.*

The instant case is strikingly similar to *Calvert v. Alessi & Koenig, LLC*, 2013 WL 592906 (D. Nev. 2013). In that case, rather than disputing the *amount* that was owed, the plaintiff contested the *debt collection practices* of the defendant who was attempting to collect HOA fees. *See Calvert*, 2013 WL 592906, at *1. The court held that, because there was no dispute regarding the amount of the assessments, the mediation requirement of Nev. Rev. Stat. § 38.310(1) did not apply. *Id.* at *6.

Similarly, in this case, there is no dispute as to the amount of the HOA assessments. Plaintiff's allegations instead pertain to defendant's debt collection practices. Accordingly, the court will deny defendant's motion to dismiss as it relates to plaintiff's FDCPA claims.

Additionally, defendant argues that plaintiff's claim for quiet title should be dismissed because defendant does not assert any claim to plaintiff's property. In his response, plaintiff concedes that this claim should be dismissed. As such, the court will grant defendant's motion to dismiss as it relates to plaintiff's quiet title claim.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion to dismiss (doc. # 5) be, and the same hereby is, GRANTED in part and DENIED in part consistent with the foregoing.

DATED January 30, 2014.

*/s/ James C. Mahan*
**UNITED STATES DISTRICT JUDGE**